FILED

March 1, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:07 AM



**TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT NASHVILLE**

| | | |
|---|---|---|
| **DONNA WILHITE,** | ) | **Docket No. 2016-06-0414** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 19556-2016** |
| | ) | |
| **LOWES MILLWORKS,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |

**EXPEDITED HEARING ORDER**
**FOR ADDITIONAL MEDICAL BENEFITS**
**(FILE REVIEW ONLY)**

This claim came before the Court on a request for expedited hearing filed by Lowes Millworks. This is the second request for expedited hearing in this case. The central issue is Lowes' obligation to provide Ms. Wilhite continuing medical treatment. Lowes contends the Court should rescind its obligation arguing that the treating physician's causation opinion makes it unlikely Ms. Wilhite would prevail at a hearing on the merits concerning the compensability of her injury. For the reasons provided below, the Court holds Ms. Wilhite would likely prevail at a hearing on the merits and orders Lowes to provide Ms. Wilhite the trigger-finger release surgery recommended by the authorized treating physician.

**History of Claim**

Lowes asked that the Court convene an evidentiary hearing to consider the issue set forth in its request for expedited hearing. After discussion at a status conference, however, the parties and the Court agreed that the Court should enter an interlocutory order based on its review of the file without an evidentiary hearing. As the Court issued this decision without an evidentiary hearing, it derived the claim history solely from the file documents.

On December 22, 2016, the Court issued an order following an expedited hearing that required Lowes to provide Ms. Wilhite medical treatment for her trigger-finger condition with Dr. Joseph Pickering, whom the Court designated as the authorized treating physician. Lowes complied with the order by scheduling Ms. Wilhite an appointment with Dr. Pickering.

After the appointment, the claims adjuster for Lowes sent Dr. Pickering a letter seeking his opinion on the causal connection between the trigger-finger condition and Ms. Wilhite's work for Lowes. In that letter, the claims adjuster indicated that Ms. Wilhite suffered the injury on September 19, 2015, but did not report it until February of the following year. The letter also indicated that Dr. Pickering first saw Ms. Wilhite in January 2016. (Appx. at 12.)

Upon receipt of the letter, Dr. Pickering wrote a reply detailing his interactions with Ms. Wilhite concerning the triggering condition. He also wrote, "It is my professional opinion that painting a door in September without an injury would not be expected to cause trigger finger six months later in February." He wrote the reply on January 13, 2017. (Appx. at 10.)

Lowes then filed this request asking the Court to issue an order cutting off Ms. Wilhite's access to further treatment with Dr. Pickering. It argued that, in light of Dr. Pickering's opinion, Ms. Wilhite cannot carry her burden of proving medical causation, which prevents her from demonstrating a likelihood of success at a trial on the merits of her claim.

In response to the request, Ms. Wilhite filed updated medical records showing she was first diagnosed with trigger finger when she visited Dr. Jane Siegel on September 28, 2015. Additionally, the updated medical records from Dr. Pickering state the following in a note he dictated on January 24, 2017: "Based on her history given today, I believe that her right ring finger trigger was caused by an injury on her job. We are going to try to get her approved for a trigger finger release." (Appx. at 11.)

## Findings of Fact and Conclusions of Law

The sole issue in this expedited hearing is Ms. Wilhite's entitlement to additional medical treatment from Dr. Pickering for her triggering condition, specifically including the recommended trigger-finger release surgery.[1] Except in "the most obvious, simple and routine cases," an employee must establish by expert medical testimony that he or she sustained injury and a causal relationship exists between the injury and the employment activity. *Wheetley v. State*, 2014 Tenn. LEXIS 476, at *5 (June 25, 2014).

Here, in response to a letter from the claims adjuster, Dr. Pickering stated Ms. Wilhite's triggering condition that developed in February likely did not result from her work at Lowes in September. As the authorized treating physician, Dr. Pickering's

---

[1] Ms. Wilhite also seeks damages for pain and suffering. As compensation for pain and suffering is not available under the Workers' Compensation Law, the Court denies her request.

opinion on the causal relationship between Ms. Wilhite's triggering condition and her work is presumed correct. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2016) ("The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence.").

Accordingly, in order to continue treating with Dr. Pickering under workers' compensation, Ms. Wilhite must present countervailing evidence sufficient to overcome his causation opinion. The Court finds that Ms. Wilhite carried that burden for two reasons.

First, the letter from the claims adjuster to Dr. Pickering contained several statements that are incorrect and, in the opinion of the Court, skewed his opinion. The letter indicated Ms. Wilhite did not report her injury until February 2016. However, this Court found following the first expedited hearing that Ms. Wilhite reported her injury on the day it occurred. Additionally, the letter implied that Ms. Wilhite's condition did not develop until several months after her incident on September 19, 2015. The medical records from Dr. Siegel, however, show that she suffered from the condition on September 28, only nine days after the incident at work. Accordingly, the letter seeking Dr. Pickering's opinion did not properly summarize the facts of the case.

Second, Dr. Pickering gave his opinion on January 13, 2017. However, after giving that opinion, and before Lowes filed its request for expedited hearing seeking to deny further benefits, Dr. Pickering changed his opinion. On January 24, he stated that Ms. Wilhite's condition is related to her work and believed trigger-finger surgery is warranted as treatment. Additionally, the Court notes that Dr. Pickering provided this opinion almost a month before Lowe's filed its position statement urging that the Court deny Ms. Wilhite further medical treatment due to the lack of an opinion causally linking her trigger-finger condition to her work for Lowes. (*See* Appx. at 11, 14.)

For the reasons set forth above, the Court holds Ms. Wilhite is likely to prevail at a hearing on the merits and orders Lowes to provide her continuing medical benefits to include the trigger-finger release surgery recommended by Dr. Pickering.

**IT IS, THEREFORE, ORDERED** as follows:

1. Lowes shall provide Ms. Wilhite's ongoing medical care with the authorized treating physician, Dr. Pickering, to include approval and payment for the right trigger-finger release surgery. Lowes shall schedule and approve the surgery within seven business days of the date of this order.

2. This matter is set for a status conference on **May 1, 2017, at 10:30 a.m. (CDT)**. The Court will convene the hearing via telephone. The parties must call 615-741-2113 or (toll-free) 855-874-0474 to participate in the hearing.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED ON THIS THE 1ST DAY OF MARCH, 2017.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

4

# **APPENDIX**

1. Affidavits of Donna Wilhite and Jordan Puryear

2. Form C-41 Wage Statement

3. Medical bills and statements of Donna Wilhite

4. Operative Report of Donna Wilhite

5. "Affidavit Info Clarification"

6. Facebook posts of ring finger

7. Letter from Lowes' regarding surgery filed October 20, 2016

8. Letter from Lowes' regarding termination

9. Letter from Cigna regarding short term disability

10. Written opinion of Dr. Robert Pickering

11. Medical records

12. Letter from insurance adjuster to Dr. Pickering

13. Donna Wilhite's position statement

14. Lowes' position statement

15. Docketing notice for file review

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 1st day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Donna Wilhite | | | x | dkw3dogd@yahoo.com |
| Jordan Puryear | | | x | jordan.puryear@leitnerfirm.com |
| Kenny Veit | | | x | kenny.veit@leitnerfirm.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6